IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHELLE DERBY, as legal guardian for William Derby, an individual,

        Plaintiff,

v.

COLUMBIA COUNTY, an Oregon municipality; CORRECT CARE SOLUTIONS LLC, d/b/a/ Wellpath LLC; JEFFREY DICKERSON, in his official capacity; CHRIS HOOVER, in his official capacity; JUSTIN HECHT, in his official capacity; VIVIK SHAH, in his official capacity; JULIE WEIGAND, in her official capacity; NANCY RONAN, in her official capacity; COLUMBIA COMMUNITY MENTAL HEALTH, an Oregon non-profit corporation; and KAREN FORTLANDER, in her official capacity,

        Defendants.

No. 3:21-cv-1030-HL

ORDER

1 – ORDER

HERNÁNDEZ, District Judge:

Magistrate Judge Hallman issued a Findings and Recommendation on February 8, 2022, in which he recommends that the Court grant in part Defendants' motions to dismiss [13], [14], [16]. F&R, ECF 35. The matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

Because no objections to the Magistrate Judge's Findings and Recommendation were timely filed, the Court is relieved of its obligation to review the record *de novo*. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *see also United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988) (*de novo* review required only for portions of Magistrate Judge's report to which objections have been made). Having reviewed the legal principles *de novo*, the Court makes the following clarification and adopts Judge Hallman's findings.

Judge Hallman dismissed Plaintiff's negligence claim as an improper shotgun pleading. F&R at 13. He found that "Plaintiff must allege, with some particularity, what each Defendant's duty was to Plaintiff and each of the particular ways that that Defendant breached that duty." F&R at 13. The Court agrees with Judge Hallman's conclusion that Plaintiff failed allege sufficient facts to support his negligence claim but writes to clarify the law on negligence in Oregon. Under Oregon's contemporary common law negligence jurisprudence, "the more traditional duty-breach and proximate-cause analyses . . . are subsumed in the question whether the defendant's conduct resulted in a reasonably foreseeable and unreasonable risk of harm" to the plaintiff "unless the parties invoke a status, a relationship, or a particular standard of conduct that creates, defines, or limits the defendant's duty." *Piazza v. Kellim*, 360 Or. 58, 71, 377 P.3d 492, 500 (2016) (quoting *Fazzolari v. Portland School Dist. No. 1J*, 303 Or. 1, 17, 734 P.2d

2 – ORDER

1326, 1326 (1987)). Accordingly, to state a claim for negligence, Plaintiff may allege a special relationship that creates a duty or allege that the risk of harm was reasonably foreseeable to Defendants.

The Court has carefully reviewed the remaining legal principles *de novo* and finds no error in the Magistrate Judge's Findings & Recommendation.

## CONCLUSION

The Court adopts Magistrate Judge Hallman's Findings and Recommendation [35]. Accordingly, Defendants' Motions to Dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) [13], [14], and [16], are GRANTED in part and DENIED in part.

IT IS SO ORDERED.

DATED: _____April 11, 2022_____.

_____
MARCO A. HERNÁNDEZ
United States District Judge

3 – ORDER