IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MICHELLE DERBY, as legal guardian for William Derby, an individual, | No. 3:21-cv-01030-HL |
| Plaintiff, | ORDER |
| v. | |
| COLUMBIA COUNTY, an Oregon municipality; CORRECT CARE SOLUTIONS, LLC, d/b/a Wellpath, LLC; JEFFREY DICKERSON, in his official capacity; CHRIS HOOVER, in his official capacity; JUSTIN HECHT, in his official capacity; and NANCY RONAN, in her individual capacity, | |
| Defendants. | |

HERNÁNDEZ, District Judge:

Magistrate Judge Hallman issued an Amended Findings and Recommendation on February 23, 2024, in which he recommends that this Court grant in part and deny in part County

1 - ORDER

Defendants' Motion for Summary Judgment and grant Wellpath Defendants' Motion for Summary Judgment. Am. F&R, ECF 108. The matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

Plaintiff and County Defendants filed timely objections to the Magistrate Judge's Findings and Recommendation. Pl. Obj., ECF 110; Def. Obj., ECF 111. When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

The Court has carefully considered the parties' objections and concludes that all Defendants are entitled to summary judgment based on the statute of limitations. Plaintiff filed this case in July 2021 based on events occurring in 2016 and 2017. Judge Hallman found that a genuine dispute remained as to whether the two-year statute of limitations on Plaintiff's claims was tolled based on a disabling mental condition that barred William Derby ("Derby") from comprehending rights he was otherwise bound to know. Am. F&R 12-14; O.R.S. 12.160(3). He therefore found that Defendants were not entitled to summary judgment based on the statute of limitations. *Id.* at 14. County Defendants object that no evidence in the record shows that Derby was unable to understand his rights as of July 2017, and at the latest by January 2019. Def. Obj. 3. They do not dispute that Derby was diagnosed with schizophrenia or that it barred him from comprehending his rights in 2016 and early 2017. *Id.*

The evidence about Derby's mental conditions from the relevant period indicates that he could comprehend his rights beginning as early as July 2017, but at the latest by January 2019. Two psychologists evaluated Derby's competence to stand trial in 2017. Dr. Ingram evaluated

2 - ORDER

Derby's competence in July 2017. Nweze Decl. Ex. 15, ECF 75. Reviewing Derby's medical records, Dr. Ingram noted that Derby had displayed symptoms of mental illness earlier in 2017, such as hearing voices and believing people were after him. *Id.* at 4-5. Dr. Ingram noted that by June 2017, after being on medication, Derby showed spontaneous speech, a euthymic affect, linear thought process, and no signs of internal stimuli. *Id.* at 5. Derby "answered legal skills questions without difficulty." *Id.* at 6. Dr. Ingram found that Derby "did not demonstrate any significant deficits in his mental status" or show behavioral abnormalities during the evaluation. *Id.* His speech and thoughts were linear, goal-directed, and organized. *Id.* at 7. Dr. Ingram wrote that Derby denied current mental health symptoms while acknowledging his past symptoms. *Id.* Dr. Ingram found that Derby displayed poor insight into his mental illness, but his judgment was good. *Id.* Dr. Ingram concluded that Derby was aware of the charges against him and their seriousness. *Id.* He was aware of basic plea options and could discuss possible verdicts and punishments and the plea bargaining process. *Id.* He was aware of basic information about appeals, contempt of court, perjury, probation, evidence, and courtroom personnel. *Id.* He understood how to behave in court and the role of the judge and jury. *Id.* at 7-8. Derby could articulate why he would or would not accept a plea bargain in hypothetical situations. *Id.* at 8. Dr. Ingram concluded that Derby's schizophrenia improved with medication and that he was mentally stable and competent to stand trial. *Id.* at 9.

In September 2017, Dr. Millkey evaluated Derby's competence, issuing a report in October 2017. Nweze Decl. Ex. 16, ECF 79. Dr. Millkey found that Derby understood the notification about and purpose of the evaluation. *Id.* at 1-2. He spoke to Plaintiff, Derby's sister, who noted substantial improvement since Derby was discharged from Oregon State Hospital ("OSH"). *Id.* at 8. Dr. Millkey noted Derby's history of symptoms such as paranoia and

3 - ORDER

hallucinations in 2016 and early 2017. *Id.* at 9-10. Dr. Millkey wrote that during the evaluation, Derby's speech was clear, linear, germane, and of normal rate and volume, but with periodic latency. *Id.* at 10. Derby had poor insight into his mental illness but otherwise had adequate judgment. *Id.* Derby denied suicidal ideation and stated that he was no longer hearing voices since he began taking antipsychotic medication. *Id.* at 10-11. Dr. Millkey found that Derby's schizophrenia improved with treatment at OSH, although in the early phase of treatment he still showed some symptoms. *Id.* at 12. During the evaluation, he displayed a diminished affect. *Id.* at 13. Dr. Millkey concluded that Derby could understand the nature of the proceedings against him, assist and cooperate with counsel, and participate in his defense. *Id.* Dr. Millkey was uncertain as to whether Derby lacked the substantial capacity to appreciate the criminality of his conduct or conform his conduct to the law at the time the criminal conduct occurred in April 2017. *Id.* at 14-15.

On October 31, 2017, the circuit court adjudged Derby guilty except for insanity and found that Derby could understand the nature of the charges against him and assist in his defense. Pl. Resp. County Def. Mot. Ex. 33, ECF 81-31. Viewing the evaluations and judgment in the light most favorable to Plaintiff, they indicate that Derby's schizophrenia barred him from comprehending his rights through June 2017, when his medication took effect. The evidence does not support finding that Derby's schizophrenia barred him from comprehending his rights beginning in July 2017.

County Defendants also point to an evaluation of Derby from January 4, 2019. Def. Obj. 4. A physician evaluated Derby and noted that he denied any psychiatric symptoms and reported that things were going well. Nweze Decl. Ex. 19 at 10. The physician concluded that Derby

4 - ORDER

appeared to be psychiatrically stable. *Id.* at 11. This report supports finding that Derby's schizophrenia did not bar him from comprehending his rights in January 2019.

The record also shows that Derby was a patient at OSH until December 2018 and was subsequently admitted to the Oregon Psychiatric Security Review Board ("PSRB") Alternatives program as a residential patient with a schizophrenia diagnosis. Am. F&R 14 (citing Nweze Decl. Ex. 19 at 8-9). Derby's diagnosis and his admission to the Alternatives program as required by the judgment in his criminal case, *see* Nweze Decl. Ex. 19 at 8-9, do not on their own support a reasonable inference that Derby's schizophrenia barred him from comprehending his rights. Derby's conversation with his physician in January 2019 showed that he understood he was under the PSRB's jurisdiction and wished that he was not. Nweze Decl. Ex. 19 at 10. Plaintiff points to no records from Derby's participation in the Alternatives program supporting a finding that his schizophrenia prevented him from comprehending his rights.

In opposing County Defendants' Motion for Summary Judgment, Plaintiff relied on her pleadings and the Court's denial of the motion to dismiss based on the statute of limitations, pointed to Dr. Millkey's report, and pointed to facts from April 2017 and earlier indicating that Derby's schizophrenia severely limited his mental abilities. Pl. Resp. 29-31, ECF 81. The pleadings are not evidence, and a ruling on the motion to dismiss does not dictate the result here. The evidence Plaintiff relies on supports a finding that Derby's schizophrenia barred him from comprehending his rights prior to July 2017. Plaintiff identifies no evidence that Derby's schizophrenia barred him from comprehending his rights after June 2017. Because Plaintiff did not file this case until July 2021, all of her claims must be dismissed as untimely.[1] The Court

---

[1] Even if the Court concluded that Derby's schizophrenia barred him from comprehending his rights until January 2019, after he was released from OSH, the claims would still be untimely. *See* Def. Obj. 6; O.R.S. 12.160(3), (4).

5 - ORDER

therefore need not resolve the parties' other objections to the Amended Findings and Recommendation because they address the merits of the claims.[2]

## CONCLUSION

The Court declines to adopt Magistrate Judge Hallman's Amended Findings and Recommendation [108]. Therefore, Defendants' Motions for Summary Judgment [68], [76] are GRANTED.

IT IS SO ORDERED.

DATED: May 3, 2024.

MARCO A. HERNÁNDEZ
United States District Judge

---

[2] Both County Defendants and Wellpath Defendants moved for summary judgment based on the statute of limitations, with Wellpath Defendants joining in County Defendants' arguments. County Def. Mot. 11-12, ECF 68; Wellpath Def. Mot. 13-14, ECF 76. Judge Hallman recommends granting Wellpath Defendants' motion on other grounds, but the Court need not reach those grounds because the statute of limitations is a proper basis to grant Wellpath Defendants' motion.