FILED

SEP 10 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHELLE DERBY, as legal guardian for William Derby,

Plaintiff - Appellant,

v.

COUNTY OF COLUMBIA, an Oregon municipality; CORRECT CARE SOLUTIONS, LLC, doing business as Wellpath, LLC; JEFFREY DICKERSON, in his official capacity; JUSTIN HECHT, in his official capacity; NANCY RONAN, in her official capacity,

Defendants - Appellees,

and

CHRIS HOOVER, in his official capacity; VIVIK SHAH, in his official capacity; JULIE WEIGAND, in her official capacity,

Defendants.

No. 24-4004

D.C. No. 3:21-cv-01030-HL

MEMORANDUM*

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Argued and Submitted March 10, 2026
Portland, Oregon

Before: COLLINS and LEE, Circuit Judges, and FITZWATER,[**] District Judge.

Plaintiff-Appellant Michelle Derby ("Michelle"), as legal guardian for William Derby ("William"), appeals the district court's grant of summary judgment in favor of County of Columbia, Chris Hoover, Jeffrey Dickerson, Justin Hecht, and Nancy Ronan based on the statute of limitations.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Michelle sued Defendants on claims arising from William's treatment while incarcerated at the Columbia County Jail in 2016 and 2017. But she did not file this lawsuit until July 9, 2021. Defendants maintain that Michelle's action is barred by the two-year statute of limitations. We review the district court's summary judgment ruling *de novo*. *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 954 (9th Cir. 2013).

2. It is undisputed that Michelle's suit is time-barred unless Or. Rev. Stat.

---

[**] The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

[1] This appeal was administratively closed as to defendant Correct Care Solutions, LLC. The mandate will not issue as to this defendant.

§ 12.160(3) tolls her claims. Michelle would have the burden of proof at trial on the tolling issue. *See Beaston v. Nickelson*, 579 P.3d 246, 249 (Or. Ct. App. 2025). On an issue where the nonmoving party will bear the burden of proof at trial, the parties moving for summary judgment need do no more than point to "an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *see also Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000) ("[A] moving defendant may shift the burden of producing evidence to the nonmoving plaintiff merely by 'showing'—that is, pointing out through argument—the absence of evidence to support plaintiff's claim.") (citation omitted). Michelle contends that, to carry their burden under *Celotex*, Defendants were initially required to proffer *direct* evidence that William subjectively understood that Defendants had harmed him. *See* Op. Br. 17-18. That is wrong. Defendants adequately discharged their initial burden by (1) presenting evidence, in the form of contemporary medical examinations, that William did not have a "disabling medical condition that bars him from comprehending rights that [he] is otherwise bound to know," Or. Rev. Stat. § 12.160(3), and (2) arguing that, given this evidence that William generally "had the capacity to understand his rights at the time," Michelle would be unable to come forward with contrary evidence that would carry her burden of proof under the statute.

3. Defendants maintain that Michelle was obligated to proffer evidence that William's disabling mental condition barred him from comprehending his rights through July 2019, within two years of when suit was filed. In fact, under the tolling provision, William's disabling mental condition must have barred him from comprehending his rights through July 2020, one year before this suit was filed. *See* Or. Rev. Stat. § 12.160(4) ("The time for commencing an action may not be extended under subsection (3) ... for more than one year after the person no longer has a disabling mental condition that bars the person from comprehending rights that the person is otherwise bound to know ...."). And because Michelle failed to produce sufficient evidence that the limitations period was tolled through July 2019, she necessarily failed to show that it was tolled through July 2020, *i.e.*, within one year of when she filed suit. When the nonmoving party fails to produce evidence that is sufficient to create a genuine issue of material fact—here, to do so concerning the tolling of the statute of limitations—the moving parties prevail. *See Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1103 (9th Cir. 2000).

Accordingly, the district court did not err in entering summary judgment in Defendants' favor, and the judgment is affirmed.

**AFFIRMED**.

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

## Information Regarding Judgment and Post-Judgment Proceedings

**Judgment**

- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**

- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate electronic filing system or, if you are a pro se litigant or an attorney with an exemption from the electronic filing requirement, file one original motion on paper.

**Petition for Panel Rehearing and Petition for Rehearing En Banc (Fed. R. App. P. 40; 9th Cir. R. 40-1 to 40-4)**

**(1) Purpose**

**A. Panel Rehearing:**

- A party should seek panel rehearing only if one or more of the following grounds exist:
  - A material point of fact or law was overlooked in the decision;
  - A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
  - An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

**B. Rehearing En Banc**

- A party should seek en banc rehearing only if one or more of the following grounds exist:
  - Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
  - The proceeding involves a question of exceptional importance; or

- The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2) Deadlines for Filing:**

- A petition for rehearing or rehearing en banc must be filed within 14 days after entry of judgment. Fed. R. App. P. 40(d).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(d). The deadlines for seeking reconsideration of a non-dispositive order are set forth in 9th Cir. R. 27-10(a)(2).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- See Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-4.

**(3) Statement of Counsel**

- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4) Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**

- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms*.
- Attorneys must file the petition electronically via the appellate electronic filing system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

**Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)**
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms*.

**Attorneys Fees**
- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-8000.

**Petition for a Writ of Certiorari**
- The petition must be filed with the Supreme Court, not this Court. Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov.

**Counsel Listing in Published Opinions**
- Please check counsel listing on the attached decision.
- If there are any errors in a published opinion, please send a letter **in writing within 10 days** to:
  - ➢ Thomson Reuters; 610 Opperman Drive; PO Box 64526; Eagan, MN 55123 (Attn: Maria Evangelista, maria.b.evangelista@tr.com);
  - ➢ **and** electronically file a copy of the letter via the appellate electronic filing system by using the Correspondence filing category, or if you are an attorney exempted from electronic filing, mail the Court one copy of the letter.